PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00104-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| STEVEN HAMPTON, | DATE: May 12, 2022 |
| Defendant. | TIME: 9:30 a.m. |
| | COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status of counsel hearing on May 12, 2022.

2. Since that order issued, the undersigned defense counsel has been newly appointed to represent the defendant in this matter. *See* Dkt. No. 170 (order appointing Kelly Babineau to represent the defendant as of 5/6/22).

3. By this stipulation, defendant now moves to convert the status of counsel hearing to a status conference, to continue the status conference until **August 18, 2022, at 9:30 a.m.,** and to exclude time between May 12, 2022, and August 18, 2022, under Local Codes T2 (complexity of the case) and T4 (to allow defense counsel time to prepare). Time has previously been excluded in this case under both Local Codes T2 and T4.

4. The parties agree and stipulate, and request that the Court find the following:

    a) The United States initially provided discovery, including: pdf reports, voluminous recorded phone conversations, GPS data, toll records, photographs, videos, and other discovery to the defense. Because of the volume of discovery produced by the government and in anticipation of additional discovery being provided by the government, previous defense counsel sought the appointment of Coordinating Discovery Attorney (CDA) John C. Ellis. The Court signed the order appointing the CDA and Mr. Ellis reports the discovery now amounts to approximately thirty-four gigabytes of data, and consists of 4,313 pages of PDF documents, more than eight hours of video footage, and wiretap data from two target telephone lines. The wiretap data from two target telephones includes an additional forty-eight hours of audio recordings, 4,636 document files, 4,855 Google Earth location data files, and line sheets. This discovery was provided to most defense counsel on, or about, November 1, 2021. (However, defendant Charles Carter was arraigned on February 23, 2022, and discovery was provided to his counsel shortly thereafter.)

    b) The defendant in this case requested the appointment of new counsel at a hearing on April 28, 2022, and this Court allowed defendant's previous counsel to withdraw. The undersigned counsel was appointed to represent the defendant in this case on May 6, 2022. Now that new defense counsel has been appointed, she will be able to access the previously described discovery through the Court appointed CDA.

    c) The undersigned defense counsel further avers that she is currently in a homicide trial in Nevada County, which may not conclude before the previously scheduled May 12, 2022 status of counsel hearing.

    d) The defendant's co-defendants in this case are currently scheduled to appear for a status conference on August 18, 2022, and—as to those defendants—time has been excluded from the Speedy Trial Act calculations through that date. *See* Dkt. No. 159.

    e) Counsel for defendant desires additional time consult with her client, to review the current charges, to conduct investigation and research related to the charges, to discuss potential resolutions with her client, to review the above-described discovery, and to otherwise

prepare for trial.

  f) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  g) The government does not object to the continuance.

  h) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 12, 2022 to August 18, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  May 6, 2022 | PHILLIP A. TALBERT<br>United States Attorney |
| | /s/ AARON D. PENNEKAMP<br>AARON D. PENNEKAMP<br>Assistant United States Attorney |
| Dated:  May 6, 2022 | /s/ KELLY BABINEAU<br>KELLY BABINEAU<br>Counsel for Defendant<br>Steven Hampton |

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

**ORDER**

IT IS SO FOUND AND ORDERED this 6th day of May, 2022.

_____
Troy L. Nunley
United States District Judge