```
1  PHILLIP A. TALBERT
   United States Attorney
2  AARON D. PENNEKAMP
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00104-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| STEVEN HAMPTON, | DATE: August 17, 2023 |
| Defendant. | TIME: 9:00 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

    1.    By previous order, this matter was set for status on August 17, 2023.

    2.    By this stipulation, defendant now moves to continue the status conference until November 30, 2023, at 9:30 a.m., and to exclude time between August 17, 2023, and November 30, 2023, under Local Code T4 (to allow defense counsel time to prepare) and T2 (complexity of the case). Time was previously excluded under both Local Codes T2 and T4. In addition, the Court has previously continued the status conference for the other co-defendants in this case to November 30, 2023, and has previously excluded time through that new date as to those co-defendants.

    3.    The parties agree and stipulate, and request that the Court find the following:

        a)    The United States initially provided discovery, including: pdf reports,

voluminous recorded phone conversations, GPS data, toll records, photographs, videos, etc. to the defense. Because of the volume of discovery produced by the government and in anticipation of additional discovery being provided by the government, defense counsel sought the appointment of Coordinating Discovery Attorney (CDA) John C. Ellis. The court signed the order appointing the CDA, and Mr. Ellis reports the discovery now amounts to approximately thirty-four gigabytes of data, and consists of 4,313 pages of PDF documents, more than eight hours of video footage, and wiretap data from two target telephone lines. The wiretap data from two target telephones includes an additional forty-eight hours of audio recordings, 4,636 document files, 4,855 Google Earth location data files, and line sheets. This discovery was provided to most defense counsel on, or about, November 1, 2021. On, or about, July 26, 2022, due to inadvertently released materials within the previous discovery productions, the government, through CDA Ellis, reproduced the discovery. Defense counsel appreciate the need for the re-publication of the discovery. The reproduced production required the CDA's staff to create new indexes and search tools.

  b) Undersigned counsel was appointed to represent defendant in this matter on or about January 26, 2023.

  c) As such, Counsel for the defendant needs additional time to review and analyze the discovery, conduct investigation, and interview potential witnesses related to the discovery production(s).

  d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e) Moreover, Counsel for defendant notes that the defendant is currently housed in El Dorado County. Counsel for defendant has been informed by the U.S. Marshals that due to unforeseen logistical issues, defendant cannot be transported to Sacramento County for the currently scheduled status conference date of August 17, 2023. In light of those logistical issues, and for the reasons described above, defendant requests that his status conference be continued to November 30, 2023, which is the next court date for the co-defendants in this matter.

     f)     The government does not object to the continuance.

     g)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

     h)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 17, 2023 to November 30, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) and (iv) [Local Codes T4 and T2] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 16, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ AARON D. PENNEKAMP
AARON D. PENNEKAMP
Assistant United States Attorney

Dated: August 16, 2023

/s/ WILLIAM F. PORTANOVA
WILLIAM F. PORTANOVA
Counsel for Defendant
Steven Hampton

**ORDER**

IT IS SO FOUND AND ORDERED this 17th day of August, 2023.

Troy L. Nunley
United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3